UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KATIE JOHNSON RUSHING                    CIVIL ACTION NO. 22-cv-1454

VERSUS                                   JUDGE TERRY A. DOUGHTY

SUN LIFE ASSURANCE CO OF CANADA          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**Introduction**

Matthew Rushing died as a result of an auto accident.  His wife, Katie Rushing ("Plaintiff"), filed a claim for benefits under an Accidental Death and Dismemberment Policy in which the Rushings participated as part of an employee benefits plan issued through Katie's employer.  Sun Life Assurance Company of Canada ("Sun Life") is the insurer and administrator of the policy.

Sun Life denied the claim on the grounds that Mr. Rushing's death did not meet the definition of an accident under the policy.  Plaintiff filed this civil action to challenge that decision under the applicable ERISA standard of review.  Sun Life, after suit was filed, communicated to Plaintiff that the results of Mr. Rushing's toxicology report also provided grounds for denial of the claim.  Sun Life filed a Motion to Stay and to Remand for Administrative Review (Doc. 10) that is now before the court.  Sun Life urges that its new basis for denying the claim was not thoroughly evaluated during the administrative review process so is not ripe for a judicial determination.  Plaintiff responds that Sun Life conducted the administrative review process with the toxicology report in hand, and it

should not now be allowed a second round of administrative proceedings to urge a defense that it could have asserted the first time.  For the reasons that follow, Sun Life's motion will be denied.

**Relevant Facts**

Katie Rushing was employed by Ochsner Health System.  Among her employee benefits was a Life and Accidental Death & Dismemberment Policy that also covered her husband, Matthew.  In June of 2021, Matthew's vehicle inexplicably crossed a center line and caused a head-on collision that killed Matthew and the driver of the other vehicle. Katie filed a claim under the policy.  Sun Life collected the accident report, autopsy report, and toxicology report.  Plaintiff suggests that Sun Life received the toxicology report as early as September 1, 2021, and Sun Life admits that the report is contained in the administrative record.

The toxicology report included positive findings for Dextro-Levo Methorphan and Promethazine. The first substance is said to be an oral cough suppressant available without a prescription that is sometimes abused as a recreational drug.  The second substance is used as an antihistamine, sedative, and anti-nausea drug.  Side effects from the two drugs may include sedation, confusion, or even hallucinations.

Sun Life approved a life claim, but it denied an accidental death claim on the grounds that Matthew's death was not an accident as defined by the policy.  That language requires an accident to be a sudden and accidental event that results independently of other causes and is independent of any illness, disease, or other bodily malfunction.  Sun Life

also determined that the claim was subject to an exclusion for loss due to or resulting from committing criminal acts.

Plaintiff's counsel sent a letter to Sun Life that challenged the decision.  Counsel also formally requested an appeal of the denial.  After that administrative appeal was filed, Sun Life contacted the Louisiana State Police and asked whether Matthew would have been charged with a criminal act if he had survived the accident.  The state police responded that he would not have been charged with a criminal act such as vehicular homicide or negligent homicide, but he could have been cited with a traffic code violation such as careless operation (due to crossing the center line).  The state police noted that no illegal contraband or narcotics were found in the toxicology reports for either driver.

Sun Life issued its second-level and final decision in January 2022.  It acknowledged that Matthew's death was "not excluded from coverage due to the Policy exclusion for committing a criminal act."  But Sun Life maintained its view that Matthew's death was not the result of an accident as defined by the policy.  It reasoned that it was not unforeseen that Matthew driving across the center line into the lane of oncoming traffic would result in his bodily harm and death.  Doc. 19, pages 245-49.  Plaintiff filed this civil action in June 2022.

After this suit was filed, Sun Life's in-house counsel emailed Plaintiff's counsel and argued that the allegedly "high concentrations" of medications found in Matthew's blood would affect his driving so that a crash would not be a sudden and unforeseeable event independent of all other causes as required by the policy's definition of an accident. Plaintiff's counsel took issue with Sun Life bringing up a new argument that had not been

raised or reviewed during the administrative claims process.  Several days after that email exchange, Sun Life filed the motion to stay and remand that is before the court.

**Analysis**

Sun Life argues that remand is the appropriate remedy to allow a full and fair review that fully discusses the toxicology report before any judicial review of its decision.  Sun Life cites decisions such as Lafleur v. Louisiana Health Service and Indemnity Co., 563 F.3d 148 (5th Cir. 2009) and Rossi v. Precision Drilling Oilfield Services Corp. 704 F.3d 362 (5th Cir. 2013) for the proposition that a remand is appropriate in these circumstances. Those cases recognize that remand for a full and fair review may be appropriate as a remedy to the claimant when the ERISA plan did not substantially comply with EIRSA procedures by changing its basis for denying coverage.   The claimant should not be denied the opportunity to fairly address at the administrative level the basis for denying her claim.

In Lafleur, the insurer was faulted for raising new grounds for denial in the federal court that were not raised at the administrative level, but the insurer was also faulted for errors during the administrative process such as not identifying the urologist whose opinion it relied on and wrongfully giving deference to its initial adverse benefit determination.  In Rossi, the plan relied on two new reasons for denial of coverage in federal court that it had not raised in the administrative process, but remand was ordered because the plan changed its basis for denying coverage between two levels of the administrative process and denied the claimant a full and fair opportunity to challenge the basis for the decision during the administrative process.

This case presents a different situation.  Sun Life relied on a decision at both levels of the administrative process that the circumstances of Matthew's death, as described in the accident report, did not meet the definition of accident under the policy.  Its reasoning was that the car suddenly crossed the center line with no known reason such as weather or mechanical problems.  Plaintiff had a full and fair opportunity to challenge that reasoning during the administrative process.

After the case arrived in court, Sun Life sought for the first time to point to other evidence, in the form of the toxicology report and its belief about the effect of the level of substances in Matthew's system, as a new basis for its decision that Matthew's death was not caused by an accident.  The record indicates that Sun Life was in possession of the toxicology report early in the administrative process and had more than ample opportunity to explore the effect of the substances before the case arrived in court.  Remand for Sun Life to have the opportunity to flesh out a new basis to deny the claim should not be allowed for the reasons stated in <u>Vega v. Nat'l Life Ins. Servs., Inc.</u>, 188 F.3d 287, 302 n. 13 (5th Cir. 1999) (en banc), where the court declined to remand to allow an administrator to make a more complete record on a point.  The Court stated:

> We want to encourage each of the parties to make its record before the case comes to federal court, and to allow the administrator another opportunity to make a record discourages this effort.  Second, allowing the case to oscillate between the courts and the administrative process prolongs a relatively small matter that, in the interest of both parties, should be quickly decided.  Finally, we have made plain in this opinion that the claimant only has an opportunity to make his record before he files suit in federal court, it would be unfair to allow the administrator greater opportunity at making a record than the claimant enjoys.

Remand may be appropriate to provide a remedy to a claimant who has been denied a full and fair opportunity to address an issue during the administrative process, but it is not appropriate for the plan or insurer to wait until a case is in federal court and then seek remand to build a new basis for denial that it reasonably could have developed during the administrative process.  Sun Life had the toxicology report in hand from the beginning, so it had the opportunity to assemble evidence regarding the effects of the levels of medications found in Matthew's blood and explain the relevance of that evidence to whether there was an accident as defined by the policy.  It did not, despite a full and fair opportunity to do so within the framework of its own administrative process, and it should not now be allowed to further delay the proceedings to go back and attempt to improve its position.  For these reasons, the court finds that the best exercise of its discretion in these circumstances is to deny a remand and proceed with having the parties stipulate to the contents of the administrative record and briefing the merits.  Accordingly, **Sun Life's Motion to Stay and to Remand for Administrative Review (Doc. 10)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this the 1st day of November, 2022.

Mark L. Hornsby
U.S. Magistrate Judge